393 P.2d 799

In the Matter of the ESTATE AND GUARDIANSHIP of Joan OELERICH, Incompetent.

Helen D. OELERICH, Petitioner and Appellant,

v.

Joan OELERICH, Respondent.

No. 10005.

Supreme Court of Utah.

July 8, 1964.

George M. McMillan, Salt Lake City, for appellant.

Parsons, Behle, Evans & Latimer, Salt Lake City, for respondent.

### PER CURIAM.

This is an appeal from an order dismissing the petition for appointment of a guardian of the estate and person of respondent, Joan Oelerich, alleged to be incompetent.

Helen D. Oelerich, mother of respondent, petitioned the court to appoint Walker Bank and Trust Company guardian of respondent's estate and person, alleging that said respondent was incompetent. The court dismissed the petition on the grounds that the petitioner had not been diligent in proceeding with the action, and that a trust agreement had been executed whereby the First National Bank of Chicago had been appointed trustee of respondent's property received from her father's estate. The order recited that the dismissal was "not on the merits" and was granted without any determination of the incompetency of respondent.

Appellant urges that the trial court erred in dismissing the petition and in failing to determine the competency of the respondent.

The record shows that the issue of respondent's competency was not before the court at the hearing when the petition was dismissed, therefore, appellant's argument that the court erred in not determining the competency of the respondent is without merit. Appellant also contends that the court erred in dismissing the petition because a trust agreement had been entered into and petitioner was not diligent in proceeding with the action. As to these contentions, we held in Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176, that appellant has the burden of showing error which will overcome the presumption of validity of the trial court's findings and judgment. The appellant here has failed to show error which would destroy this presumption.

Judgment affirmed. Costs to respondent.