437 P.2d 892

Afton S. SEEGMILLER, Plaintiff and Appellant,

v.

WESTERN MEN, INC., a California corporation, Western Girl, Inc., a California corporation, and Edward Hoopes, a resident of the State of Utah, Defendants and Respondents.

No. 10939.

Supreme Court of Utah.

Feb. 21, 1968.

---

Watkins, Pace & Watkins, Lorin N. Pace, Salt Lake City, for plaintiff and appellant.

Biele, Jones & Murphy, Roy G. Haslam, Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice:

Plaintiff, Afton S. Seegmiller, claims that the defendant California corporations, Western Men, Inc. and Western Girl, Inc., wrongfully terminated two contracts by

which they enfranchised her to operate an employment agency service for them in the Salt Lake area. Upon a trial to the court it found the issues generally in favor of the defendants and against the plaintiff and ruled that the defendants were justified in terminating the contracts. However, it awarded the plaintiff judgment for $1,008.54 for money due her, and for an accounting for loss of income for 60 days after termination because the contracts required that period of notice.

Plaintiff's appeal attacks the finding that there was justification for cancelling the contracts, and asserts that in any event the damages awarded her are inadequate.

In March of 1964 defendant Western Girl, Inc. entered into a contract with the plaintiff, Afton Seegmiller, by which she would render service as an employment agency for them of placing temporary women employees with customers who have fluctuating employment requirements. The territory designated was the "Wasatch Front." This is usually regarded as embracing the area of the principal cities of Utah: Salt Lake, Ogden and Provo and environs, in Weber, Davis, Salt Lake and Utah counties. A year later, in March, 1965, Western Men, Inc. entered into a generally similar contract with the plaintiff to provide men employees in the Salt Lake City area.

The plaintiff's operation of that business went forward without anything of signifi-cance bearing on the issues here occurring until the latter part of 1966. In September of that year the defendant Western Men, Inc. obtained a rather large contract with the General Services Administration to furnish personnel to the military base at Clearfield, Utah. The following month, that customer, G. S. A., notified Western Men, Inc. that the service was not being performed satisfactorily and threatened to terminate the contract. The plaintiff was advised by telephone of this fact and of her failure to perform other duties under the contract. This apparently was not remedied to defendants' satisfaction and in December, 1966, they notified the plaintiff in writing that the contracts were cancelled as of December 30.

The wordings of the contracts with respect to termination are not identical. In order to avoid involvement in details which are not essential to the treatment of the issues here, we consider the problem as presented under the contract with Western Men, Inc. It states that the contract may be terminated upon 60 days' written notice, but does not state whether or not this must be for cause. In approaching the problem thus presented we observe that we are generally in accord with the soundness of certain ideas advocated by plaintiff which apply to dealer franchise contracts of this kind. They are almost always drawn up by the franchiser and are presented to a dealer or agent for acceptance and signature,

**354**

rather than for negotiation as to terms. They also invariably provide for ample protection to the rights of the franchiser, including the right of termination. It is usually true that the actual understanding and expectation is that the franchisee will make a substantial commitment in time and/or money to develop and establish the business of selling the product or service of which the franchiser will also be a beneficiary. It obviously would be unfair for the franchiser to wait until this is done and then arbitrarily terminate the contract without cause, and thus compel the dealer to lose his investment in time and money.[1] For this reason, when parties enter into a contract of this character, and there is no express provision that it may be cancelled without cause, it seems fair and reasonable to assume that both parties entered into the arrangement in good faith, intending that if the service is performed in a satisfactory manner it will not be cancelled arbitrarily.[2]

Proceeding upon the premise of the law just stated, and upon the standard rules of appellate review,[3] it is our conclusion that the judgment should be sustained. There is support in the evidence for the trial court's finding that the plaintiff failed to discharge duties as required under the contracts: specifically, that she did not establish and maintain an office properly identified as Western Men, Inc. and Western Girl, Inc. Employment Services in a suitable place for the proper carrying on and development of the business. While she had given the defendant the understanding that she would operate such an office in a downtown office building, she did not do so but attempted to carry on the business only as a telephone service from residence locations; and it did not operate satisfactorily. There can be no question but that these requirements were material to the proper performance of both contracts, nor that the evidence that they were not satisfactorily carried out supports the conclusion of the trial court that the cancellation of the contracts was justified.[4]

1. See discussion and text statement to this effect in 9 Williston on Contracts, 3d Ed., Sec. 1017–A at p. 162.

2. See Watkins Co. v. Rich, 254 Mich. 82, 235 N.W. 845, where it was held that although a contract provided for termination upon written notice it could not be cancelled arbitrarily and without cause; see also Terre Haute Brewing Co. v. Dugan, 102 F.2d 425 (CCA8); and also ARD Dr. Pepper Bottling Co. v. Dr. Pepper Co., 202 F.2d 372 (CCA5) where the court stated that with respect to

such contract the courts tend to adopt an interpretation requiring performance to the satisfaction of a reasonable man.

3. That presumptions are in favor of the findings and judgment and evidence is reviewed in light most favorable to sustaining them, see Oelerich v. Oelerich, 15 Utah 2d 409, 393 P.2d 799.

4. As to right to cancel agency contract for unsatisfactory performance, see 89 A.L.R. 257 et seq., 17A C.J.S. Contracts § 399, Unsatisfactory Performance, p. 485.

In view of the requirement of 60 days' notice the trial court fairly and justly made provision for compensation to the plaintiff for loss of income during that time. The plaintiff had what she is entitled to, a full and fair opportunity to present her evidence and contentions with respect to the issues, and the trial court whose prerogative it is to find the facts, resolved the issues against her. We are not convinced that there was any error or impropriety which should overturn the judgment.

Affirmed. Costs to defendants (respondents).

CALLISTER, HENRIOD, TUCKETT and ELLETT, JJ., concur.