440 P.2d 883

Rex L. GEORGE and Margaret A. George, his wife, Plaintiffs and Appellants,

v.

Stanley C. MANN and Louise S. Mann, his wife, Defendants and Respondents.

No. 11109.

Supreme Court of Utah.

May 2, 1968.

3. 92 A.L.R. Anno.—Marriage as Revoking Will, p. 1010; see also Bowe-Parker Revision Page on Wills, § 2198.

S. Mark Johnson, Bountiful, for appellants.

Layne B. Forbes, of Bradford & Forbes, Bountiful, for respondents.

ELLETT, Justice:

Plaintiffs in this action sued defendants for the amount of interest paid pursuant to a contract made with a third person over and above what they claim they would be obligated to pay pursuant to a contract which they had with the defendants.

In 1959 the defendants secured an option from Nellie C. Mann, mother of defendant Stanley C. Mann, whereby they had until noon, November 1, 1963, to purchase approximately 26½ acres of land for $1,000 per acre. The option required defendants to pay $100 down and $100 per year thereafter on November 10 until the option was either accepted or expired by its terms. If and when it was exercised, the defendants were to pay Nellie $2,000 down and thereafter $2,000 per year until paid, together with interest at 5 per cent on the unpaid principal.

On September 9, 1961, plaintiffs as purchasers and defendants as sellers entered into an "Earnest Money Receipt and Offer to Purchase" agreement whereby the land on which defendants had the option would be sold to plaintiffs. The agreement provided for payment of $33,000 to the defendants as follows:

$100.00 which represents the aforedescribed deposit, receipt of which is hereby acknowledged by you; $600.00 when seller approves sale; $6,000.00 on delivery of deed or final contract of sale which shall be on or before November 1, 1961, and $100.00 each year commencing November, 1961, until Nov. 1964 at no interest; thereafter $2,000 per year plus 5% interest on the balance, *which would amount to the assignment of option on said property.* This offer contingent on buyer being able to sell home * * * to net him $6,000.00 before Nov. 1, 1961 until the balance of $26,300.00 together with interest is paid. (Emphasis added.)

The plaintiffs did not pay the $6,000 by November 1, 1961. However, this sum was

paid to defendants in late December or early January following. On November 1, 1961, the parties entered into a written agreement for the assignment to the plaintiffs of the option which defendants held. Paragraph 3(b) was as follows:

That the assignees will save and hold harmless the assignors of and from any and all actions, suits, costs, damages, claims and demands whatsoever arising by reason of an act or omission of the assignees.

On the contract of assignment were the words "Subject to the conditions on earnest money receipt." If it were not for these words, the plaintiffs would have been able to exercise the option and secure the land for the sum of $26,300, the amount due to Nellie C. Mann under the option. By having the expression written on the assignment of option, the defendants were to get the difference between $33,000 and the amount due Nellie C. Mann under the option. The $26,300 due on the option together with the $6,000 due November 1, 1961, the date of the assignment, together with $600 paid upon acceptance of the offer to purchase and the $100 paid by plaintiffs at the time they signed the option amount to the $33,000, the amount which the earnest money receipt indicates was to be paid to the defendants.

On December 22, 1961, the plaintiffs, having secured the interests of defendants in the option, proceeded to enter into a written contract directly with Nellie C. Mann for the purchase of the land in question. In this contract the plaintiffs agreed to pay $26,500, more or less, being $1,000 per acre for the land (estimated to be 26½ acres), with the provision that the exact amount to be paid would be determined by a survey of the land to be made thereafter. This sum of $26,500 was payable $300 cash, receipt of which was acknowledged in the contract, the balance of $26,200 to be paid as follows: $100 on November 1, 1962; $2,000 on or before November 1, 1963; and $2,000 or more each November thereafter until the purchase price was paid in full. In addition to the payments specified, interest at 5 per cent on unpaid balances was to be paid annually.

The plaintiffs by their contract with Nellie C. Mann were required to pay interest from December 22, 1961, whereas under their earnest money agreement they were not required to pay interest until November, 1964. It is the interest which they paid Nellie C. Mann prior to November, 1964, which gives basis for their claim in this action.

This case was tried on stipulated evidence, and the court ruled for the defendants. We should affirm the trial court if there is any substantial evidence to support the judgment. Oelerich v. Oelerich, 15 Utah 2d 409, 393 P.2d 799.

■ We think the evidence amply supports the judgment of the trial court. In the first place, it seems obvious that the earnest money receipt was intended merely to secure the option to purchase the land. The language following the terms of payment is significant. It reads: "Which would amount to the assignment of option on said property." Then, too, the option was assigned on November 1, the date when under the agreement relied on by plaintiffs they were to pay defendants $6,000. By taking this option from the defendants, the plaintiffs made it impossible for the defendants to be able to comply with the agreement, and by the assignment of the option the plaintiffs agreed to hold the defendants harmless from any and all damages arising by act or omission of the plaintiffs as assignees.

In the second place, if the plaintiffs had intended to rely on the agreement, they should have paid the $6,000 on November 1, 1961, and made the $100 payments to the defendants until November, 1964, and then $2,000 per year thereafter. They paid only the $6,000.

In the third place, if they intended to rely on the earnest money agreement, they should have done so. Instead, they voluntarily entered into an agreement with Nellie C. Mann and made terms over which the defendants had no control.

We think the trial court had ample support in the evidence to make the ruling in favor of the defendants as it did. We affirm the judgment and award costs to the defendants.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.