444 P.2d 59

Norman D. HAYWARD and Clarence D. Evans, Plaintiffs and Respondents,

v.

Frank PENNOCK, Leslie B. White and Joseph Mazuran, as Chairman and Members of the Salt Lake County Merit Service Commission, respectively, Salt Lake County Sheriff's Department, Defendants and Appellants.

No. 11120.

Supreme Court of Utah.

July 25, 1968.

Gordon A. Madsen, Salt Lake City, for appellants.

Robert M. McRae, Salt Lake City, for respondents.

ELLETT, Justice:

■ This appeal arises from a judgment of the district court holding null and void an in-rank examination for the position of captain in the Salt Lake County Sheriff's office. The evidence before the trial court should be reviewed in the light most favorable to the findings and judgment below. Oelerich v. Oelerich, 15 Utah 2d 409, 393 P.2d 799; DeVas v. Noble, 13 Utah 2d 133, 369 P.2d 290.

In the court below, the respondents raised several points tending to show that the examination and the results thereof should be quashed. The trial court found that proper notice of the examination was not given pursuant to the statute; that part of the examination was not given to respondents; and that unqualified persons were allowed to compete in the examination. The appellants assign all three findings as error.

■ We think the statutory notice applies only to those who wish to qualify as officers and not to examinations given for in-rank promotions. We also think it was unnecessary to give further tests to an applicant who had already failed the written test when the rules required that the written test must be passed by a certain percentage. However, we are in accord with the trial judge in holding that the examination and the results thereof must be quashed because unauthorized candidates were permitted to compete therein.

It might be argued that so long as the respondents failed the test, they would have no cause to complain because some unauthorized applicant passed it. Such, however, is not the case. If no one passed the test, the respondents would have another chance to take an examination, and if successful in the second examination, they would be considered for promotion. If the position was already filled by an ineligible man, there is no vacancy to which respondents can aspire, and there is no reason for giving another examination.

Section 5, Initiative Measure, 1960, codified as Section 17–30–5, U.C.A.1953, provides as follows:

* * * The commission shall formulate a comprehensive job classification plan covering all peace officers of the governmental unit. The plan shall place all positions requiring substantially the same duties and qualifications in the same classification and shall include minimum physical and educational qualifications of the applicants for each position, and *provide standards for promotion.* * * * [Emphasis added.]

Pursuant to the statute, the Merit Service Commission formulated rules for the promotion of officers. Section 3.02(b) 1 reads as follows:

Said in-rank examinations for the positions of sergeant, lieutenant, and captain will be filled by competitive examination, and all merit officers who have served an in-rank term of not less than three (3) years shall be eligible to take the competitive examination for the next promotional rank above their present status.

The rule clearly says that one shall be eligible to take in-rank competitive examinations if he has served not less than three years in the next lower rank. This rule has never been amended by the commission. However, at a commission meeting it was unanimously agreed to waive the three-year rule and to permit some lieutenants with less than three years' service as such lieutenants to take the examination for the position of captain.

Sections 8.01 and 8.02 of the rules and regulations of the Merit Service Commission provide a method of amending them. They read:

8.01. *Amendment Procedure.*

The Commission may amend these rules or adopt new rules at its discretion and without prior notice thereof. Any such amendments or new rules shall become effective immediately upon their adoption by the Commission unless some later date is specified therein.

8.02. *Copies.*

A copy of these rules and a copy of any subsequent rules or amendments shall be sent as soon as practicable after adoption to the Board of County Commissioners and to the Sheriff and copies thereof shall be maintained in the office of the Commission and in the office of the County Clerk of Salt Lake County for public inspection.

A vote to waive a rule is not the same as the adoption of an amendment to a rule. In fact, a rule that can be "waived" is no rule at all. The Arizona case of Taylor v. McSwain, 54 Ariz. 295, 95 P.2d 415 (1939), is in point. At page 422 it was held:

It is the general rule that civil service regulations adopted by any commission, under the authority of a statute, have the same force and effect, so far as their scope is concerned, as law, and that all persons affected thereby, including the

commission and its officers and employees, are bound to follow them so far as they are applicable. [Citations omitted.] It follows that while the commission in the present case and under our statute had the power to change the regulations adopted by it in any manner so long as it did not conflict with the principles of a non-partisan merit system, until such change was made it and all of its officers were bound by the existing rules and regulations, and any act done by them in violation thereof was void, just as the legislature has the power to change a law which it has adopted, but until such change is made in a constitutional manner it is as much bound by the existing law as is the individual citizen. * * *

The reasons for the adoption of a merit system are to protect employees and the public from the evils of the spoils system and to assure to each officer an orderly opportunity for promotion. The good officer thus has an incentive to remain in the service. When promotions cease to be made according to the rules adopted, then there is a tendency to engender a demoralizing influence in the ranks of the men who, having cut themselves off from all other occupations, must find their comfort in the hopes they have of anticipated promotions made according to the rules of the commission.

The judgment is affirmed. No costs are awarded.

CROCKETT, C. J., CALLISTER and TUCKETT, JJ., and F. W. KELLER, District Judge, concur.

HENRIOD, J., not participating.