Lavon Y. MINSHEW, Jean Minshew, Twin Edge Investment, Ltd., a limited partnership, Plaintiffs and Respondents,

v.

CHEVRON OIL COMPANY, City Improvement Company and Merrill Bean Chevrolet, Inc., Defendants and Appellants.

No. 14895.

Supreme Court of Utah.

Jan. 30, 1978.

K. Roger Bean, Bean, Bean, Smedley & Strikweather, Layton, for defendants and appellants.

David K. Watkiss, Watkiss & Campbell, Glen E. Davies, Watkiss & Campbell, Salt Lake City, for plaintiffs and respondents.

HALL, Justice:

Defendants City Improvement Company, hereinafter referred to as "City," and Merrill Bean Chevrolet, Inc., hereinafter referred to as "Bean," appeal from a declaratory judgment construing the provisions of a lease and sublease of commercial property situated in Ogden, Utah. Defendant, Chevron Oil Company, hereinafter referred to as "Chevron" was dismissed from the action on stipulation.

The matter was presented to the court on stipulated facts abstracted as follows: In 1957 City's predecessor leased the premises to Chevron's predecessor for a term extending through November 30, 1979, granting four successive renewal options of five years each. Chevron was required to construct and operate a service station on a portion thereof, but was permitted to sublease the unused portion. In 1965 that portion was subleased to plaintiffs, hereinafter referred to as "Minshew," who then constructed and operated a "Sizzler" restaurant thereon. Paragraph 6 of the sublease provided Minshew with a five-year option of renewal conditioned upon Chevron's exercise of a similar renewal option in the prime lease. Paragraph 7 thereof provided Minshew with three additional consecutive renewal options on like terms. Paragraph 19 provided Minshew with a further option to assume Chevron's position in the prime lease by an assignment in the event Chevron chose not to exercise its options to renew. City refused to accept the terms of Minshew's sublease but did not communicate any objection to Minshew. Chevron ceased operating its service station but continued its rental payments for six months thereafter and they were accepted by City. Chevron and City thereafter negotiated a lease cancellation, City receiving $10,000, a transfer of the improvements placed on the premises by Chevron, and an assignment of the Minshew lease which City agreed to honor. Upon notification of the agreement, Minshew demanded an assignment from Chevron of its option rights and it in turn passed the demand on to City which expressed an intention to honor the sublease provision. At about the same time City transferred its interests in the premises to Bean and it refused to honor the option rights claimed.

The trial court determined that Minshew was entitled to take the position of Chevron under the prime lease, was entitled to the options to renew, and that they must attract a major oil company to operate the service station constructed on the premises. City and Bean assert they are entitled to a reversal of judgment as a matter of law.

The very basic rules of appellate review have application here. The case of *R. C. Tolman Construction Company, Inc. v. Myton Water Association*[1] reiterates those rules in the following language:

> In analyzing the plaintiff's contentions, it is appropriate to have in mind these basic rules of review on appeal: that we indulge the findings and judgment of the trial court with a presumption of validity and correctness; review the record in the light favorable to them; do not disturb them if they find substantial support in the evidence; and require plaintiff to sustain the burden of showing error.

In the case before us, the parties submitted the case to the trial judge for determination on stipulated facts and all of the pleadings on file, including the answers to interrogatories and the depositions of witnesses. Despite this state of the record, City and Bean now contend that they were entitled to judgment as a matter of law because the terms of the sublease were so clear and unambiguous that the trial court erred in considering extrinsic evidence. This contention is without merit for when a factual matter is submitted for decision on

---

1. Utah, 563 P.2d 780 (1977).

the record, without objection, the parties are bound by that record and on review this Court is compelled to defer to the judgment of the trial court if there is substantial, competent, admissible evidence in that record to support it.[2]

City and Bean contend that paragraphs 6 and 19 are clear and unambiguous and subject of a single interpretation. Those paragraphs are hereinafter set forth with the emphasis they place thereon by underscoring:

In Paragraph 6 the sublease says:

Lessee may extend this lease for a further period of five years from date of expiration of the term hereof by giving Lessor notice in writing of Lessee's intention so to do at any time prior to such expiration, provided the ground lease remains in full force and effect during the applicable extended period. Such extension shall be upon all of the terms, provisions and conditions hereof then in effect. [Emphasis added by City and Bean.]

And Paragraph 19 says:

The options provided for in Paragraph 7 are conditioned upon the ground lease being in effect during the extended periods provided for in said options. If Lessor decides not to exercise any of its options to extend said ground lease, it shall so notify Lessee in writing sixty (60) days prior to the date when the option must be exercised as provided in the ground lease, and thereupon execute and deliver to Lessee an assignment and transfer to Lessee of all of the options of the Lessee under the ground lease that have not therefore been exercised by Lessor. Such assignment shall operate to release Lessor from all of liability under the ground lease, and Lessee shall procure release from the land owner. [Emphasis added by City and Bean.]

■ The established rules of contract interpretation require consideration of each of its provisions in connection with the others and, if possible, to give effect to all.[3] Effect is to be given the entire agreement without ignoring any part thereof.[4]

■ Applying the foregoing rules, the remainder of Paragraph 19 not emphasized must be read in connection with all other provisions of the sublease and the trial court apparently did so because the fair import of all of the language in said paragraph supports the conclusion that the option and lease rights of Chevron evolved to Minshew when it chose not to renew and that Chevron then had an obligation to assign to Minshew.

The fact that City refused in the very beginning to accept the terms of the Minshew sublease because it would foreseeably run beyond the prime term if Chevron did not occupy the premises, but stood by and permitted Minshew to erect a building and occupy it, is important in determining the intent of the parties.

It is also important to note that the clear language of the negotiated termination of the prime lease bound City to "honor and abide" by the terms of Minshew's sublease and which it agreed to as was evidenced by approval of a letter to that effect. It was not until City transferred its interests to Bean that there was ever any refusal to abide by the terms of the sublease.

■ Of further note is the fact that there was not a breach of the prime lease by Chevron. When it encountered operational losses it closed its station and continued to pay rent payments until such time as it could negotiate a mutually acceptable termination. Such was done and City received valuable consideration for the termination. This prompted the trial court to reach the conclusion that if any breach occurred it was waived by acceptance of continued monthly lease payments and the ultimate termination agreement.

2.  Ibid.  See also, *George v. Mann*, 21 Utah 2d 89, 440 P.2d 883 (1968); *London Guarantee and Accident Co. v. Frazee et al.*, 112 Utah 91, 185 P.2d 284 (1947).

3.  *McKay v. Barnett*, 21 Utah 239, 60 P. 1100 (1900).

4.  *Gates v. Daines*, 3 Utah 2d 95, 279 P.2d 458 (1955).

Taken as a whole, the record contains adequate evidence to support the judgment of the trial court, and consistent with the rules of review we affirm the judgment. Costs awarded to Minshew.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.