869 P.2d 948 (1993)
WEST VALLEY CITY FRATERNAL ORDER OF POLICE LODGE # 4, a non-profit Utah corporation, and Jim Crowley, Plaintiffs and Appellants,
v.
Dennis NORDFELT, West Valley Chief of Police; and West Valley Civil Service Commission, Defendants and Appellees.
No. 920276-CA.
Court of Appeals of Utah.
October 13, 1993.
*949 Jerrald D. Conder and Peter L. Rognlie, West Valley City, for plaintiffs and appellants.
Paul T. Morris and J. Richard Catten, West Valley City, for defendants and appellees.
Before BENCH, GREENWOOD and JACKSON, JJ.
JACKSON, Judge:
Appellants challenge the trial court's dismissal of their complaint for lack of standing. We affirm.

FACTS
In June 1989, Dennis Nordfelt, Chief of the West Valley City Police Department, issued a notice announcing a promotional examination that would establish a roster from which promotions to the position of sergeant would be made. This notice set forth the following qualifications, among others, necessary for an officer to compete for the position of sergeant: (1) the passing grade for all tests is 75 percent; (2) the applicant must be off probation;[1] (3) the applicant must have four years of police service plus two years of college (or two additional years of police service); (4) the written examination is to be conducted first and the top 15 candidates with passing scores will be invited to attend a two-day assessment center, consisting of further testing.
On previous tests for the rank of sergeant, the Civil Service Commission (the Commission) limited the applicant pool to those officers with the grade of P.O.II or P.O.III within the rank of police officer.[2] However, few officers were achieving grades higher than P.O.I. because of the police department's inability, due to financial constraints, to offer the position to officers with sufficient experience and time in service. Nordfelt petitioned for, and was granted permission by, the Commission to allow P.O.I. officers to compete for the position of sergeant.
The written promotional exam was given in July, 1989. Several officers took the exam, including Jim Crowley, David Shopay and William Salmon. Crowley received a score below the passing grade of 75 percent and thus, did not participate in the remainder of the promotional process. Shopay and Salmon both passed the test and were listed on *950 the promotion roster, but were not promoted to the rank of sergeant.
The top fifteen officers with passing grades participated in a two-day assessment process. A promotional roster was then issued and the top three officers were subsequently promoted to the rank of sergeant. By letter dated August 23, 1989, members of the West Valley City Fraternal Order of Police Lodge # 4 (FOP), an association whose membership consists of officers and staff employed by the West Valley City Police Department, requested that the Commission review the promotion evaluation process and declare it invalid. The Commission investigated the promotion process and issued a letter dated October 4, 1989, finding the process valid.
In December 1989, Crowley and FOP filed a complaint to set aside the results of the promotion examination process. Specifically, Crowley and FOP alleged that Nordfelt and the Commission failed to consider seniority in the promotion process and that they waived the requirement that promotions be made from the next lower rank, in violation of Utah Code Ann. § 10-3-1010 (1992).[3]
In April 1991, Shopay and Salmon filed a motion to join the action as plaintiffs. However, pursuant to a motion to dismiss filed by appellees, the trial court dismissed the entire action for lack of standing. The court also denied the motion for joinder on the grounds that the motion was moot because no action was pending for Shopay and Salmon to join.

ISSUE
Crowley and FOP allege that the trial court improperly determined they did not have standing to present their claims.[4]

ANALYSIS

Individual Standing
Crowley contends the trial court improperly found he lacked standing to bring the action because he suffered no particularized injury as a result of the actions of the Commission.[5] Whether a plaintiff has standing is a question of law and we accord no deference to the ruling of the trial court. Provo City Corp. v. Willden, 768 P.2d 455, 456 (Utah 1989).[6]
In order to have standing, a plaintiff must show some distinct and palpable injury giving rise to a personal stake in the outcome of the dispute. National Parks, 869 P.2d at 909; Jenkins v. Swan, 675 P.2d 1145, 1148 (Utah 1983); Sierra Club v. Department of Envtl. Quality, 857 P.2d 982, 986 (Utah App. 1993). "One who is adversely affected by governmental actions has standing under this criterion. One who is not adversely affected has no standing." Jenkins, 675 P.2d at 1150.
Crowley alleges he suffered a distinct and palpable injury because his approximately nine years of seniority were not considered in the promotion process. In order to be considered for promotion to sergeant, Crowley had to receive a minimum passing score of 75% on the written examination. Crowley *951 failed to do so.[7] Even if the Commission improperly failed to consider seniority, his failure to pass the written examination prevented him from being promoted to sergeant.
Crowley also alleges he was injured when he was improperly required to compete against ineligible candidates holding only the P.O.I. "rank." He bases his argument on the case of Hayward v. Pennock, 21 Utah 2d 242, 444 P.2d 59 (1968). In Hayward, officers competing in an "in-rank" examination for the position of captain in the Salt Lake County Sheriff's Office sued the Commission challenging the validity of the examination. The Commission rules stated that only officers who had served an in-rank term of not less than three years would be eligible to take the examination and compete for the promotion. During a Commission meeting, it was agreed that the Commission would waive the three-year rule. This change was not done in accordance with proper procedure for amending Commission rules. The supreme court found that because the plaintiff failed to pass the test with the requisite percentage, the only way he would have a cause of action is if the position had been filled by an ineligible candidate. Id. 444 P.2d at 60-61.
We believe Crowley was not competing against ineligible officers. First, Crowley does not show or even allege that the three officers promoted to sergeant were P.O.I officers prior to their promotions. In fact, the record shows that at least one of the officers promoted was a P.O.III officer prior to the promotion. Second, contrary to Crowley's assertions, the Commission did not violate Utah Code Ann. § 10-3-1010 (1992) and Rule III-1, West Valley City Civil Service Policy and Procedures Manual (1988), in allowing P.O.I officers to compete. These rules provide that promotions shall be made from members of the next lower rank, when practicable. The rank immediately below sergeant in the West Valley Police Department is police officer. Within the rank of police officer are three subdivisions (P.O.I, P.O.II, and P.O.III) known as "grades." Thus, Crowley's argument that he competed against ineligible candidates is without merit because he competed only with police officers, the rank below that of sergeant. If the grades within the rank of police officer were actually ranks, as argued by Crowley, he would have been ineligible to compete for the position of sergeant because he was a P.O.II officer, and only P.O.III officers would have been able to compete. Third, allowing P.O.I officers to take the examination was a change in the testing criteria, not a waiver of any Commission Rule. Thus, its change or adjustment did not require an amendment to the Commission Rules, as suggested by Crowley.
Accordingly, we find Crowley was not injured. He was not competing against ineligible officers and his failure to pass the written examination, not the Commission's failure to consider his seniority, eliminated him from being promoted to sergeant.[8]
Even if a plaintiff cannot show that he or she suffered some distinct injury, standing may still be established if no other plaintiff has a greater interest in the outcome and if the issue is unlikely to be raised otherwise. Jenkins, 675 P.2d at 1150; Sierra Club, 857 P.2d at 987. Crowley is not the most appropriate plaintiff to challenge the Board's decision. Other more appropriate plaintiffs with a greater interest in this dispute might be officers who passed the test with the minimum 75% but who did not receive a promotion, such as Shopay and Salmon.
Crowley might also have standing if the issues presented are "unique and of such *952 great public importance that they ought to be decided in furtherance of the public interest." See National Parks, 869 P.2d at 913 (quoting Terracor v. Utah Bd. of State Lands & Forestry, 716 P.2d 796, 799 (Utah 1986)). Crowley has failed to show any evidence that the issues are so unique or important that they should be decided in furtherance of the public interest.

Association Standing
In order to have standing to challenge the promotion, FOP must show that (1) its individual members have standing and (2) the nature of the claim and relief sought does not require the individual participation of each injured party. See Society of Professional Journalists v. Bullock, 743 P.2d 1166, 1175 (Utah 1987); Utah Restaurant Ass'n v. Davis County Bd. of Health, 709 P.2d 1159, 1163 (Utah 1985).
The trial court found FOP did not meet the second prong of the association standing test because conflicts of interest existed within and between the association and its members. The trial court specifically found that members of FOP were involved in formulating and conducting the sergeant promotional process, members of FOP would lose their promotions to sergeant should FOP's action be successful, members of FOP were deposed as adverse witnesses by FOP, and Nordfelt, a named defendant in the complaint, was a member of FOP during all significant stages of this litigation.
If conflicts of interest exist within an organization, individual participation is necessary and thus, the association generally cannot have standing. See Contractors Ass'n of E. Pennsylvania, Inc. v. Philadelphia, 945 F.2d 1260, 1265 (3d Cir.1991) (if serious conflicts of interest exist among the members of an organization or between the association and its members, association standing will not be granted); Associated Gen. Contractors v. Otter Tail Power Co., 611 F.2d 684, 691 (8th Cir.1979). In Society, the Utah Supreme Court found that the association met the second prong of the standing test because "[t]he relief it sought would have benefitted all its members." 743 P.2d at 1175. The association in Utah Restaurant also met the second prong of the test because the court found that "[n]othing suggests that their individual interests will not be adequately protected." 709 P.2d at 1163.
Naming Nordfelt as a defendant in this action was a serious conflict preventing FOP from properly representing the interests of all its members. Up until October 1991, through all significant stages of this litigation, Nordfelt was a member of FOP.[9] In this case, the trial court correctly found conflicts of interest requiring individual participation of FOP members. Accordingly, we affirm the trial court's decision that FOP lacked standing.

CONCLUSION
Crowley lacks standing to challenge the sergeant promotion procedure because he failed to pass the written examination and because he did not compete against ineligible candidates. FOP lacks standing to challenge the promotion procedure because of conflicts of interest. Further, the trial court properly denied the motion for joinder because it could not join plaintiffs to a nonexistent lawsuit.
GREENWOOD, J., concurs.
BENCH, J., concurs in the result.
NOTES
[1] Officers are considered on "probation" for the first year of service with the West Valley Police Department.
[2] The Civil Service Commission is a body appointed and charged with the responsibilities of supplying classified civil service lists to the West Valley City Police Department and of administering the merit civil service rules and regulations, as they apply to the police department and its employees. See Utah Code Ann. § 10-3-1001 (1992).
[3] Utah Code Ann. § 10-3-1010 (1992) provides:

The civil service commission shall provide for promotion in the classified civil service on the basis of ascertained merit, seniority in service and standing obtained by competitive examination, and shall provide, in all cases where practicable, that vacancies shall be filled by promotion from the members of the next lower rank as submit themselves for the examination and promotion.
(Emphasis added.)
[4] Crowley and FOP also allege the trial court improperly determined their motion for joinder was moot. However, appellants admit in their brief that if Crowley and FOP do not have standing to bring an action, the motion for joinder would be moot. Accordingly, because we agree that Crowley and FOP have no standing, the motion is moot and the trial court properly denied the motion.
[5] It is neither necessary nor appropriate to consider the merits of appellants' claims that seniority was not considered in our determining whether they have standing. See Society of Professional Journalists v. Bullock, 743 P.2d 1166, 1170 n. 3 (Utah 1987).
[6] Appellants assert the trial court incorrectly applied the appellate standing test articulated in Society, 743 P.2d at 1172, rather than the traditional standing test because it found that FOP did not properly present its claims to the Commission before raising them at the trial court level. However, even in applying the traditional standing test enunciated in National Parks and Conservation Ass'n v. Board of State Lands, 869 P.2d 909 (Utah 1993), we believe the appellants lack standing to challenge the promotion process.
[7] Crowley and FOP claim that the trial court's finding that Crowley did not pass the written examination was clearly erroneous. However, the June 6, 1989, memorandum clearly states that the "[p]assing grade for all tests will be set at 75%." An affidavit of Cory Ervin, secretary to the Commission, states that Crowley did not receive a score of 75 on the written examination. Further, in his affidavit, Crowley himself admits, "I failed to pass the written examination."
[8] Appellants also allege that Crowley was injured because another applicant received the study materials before the date specified in the memorandum announcing the examination. However, even if the other applicant received the materials early, it still does not change the fact that Crowley failed to pass the test with 75%. Appellants cannot show that if the other applicant had not received the study materials early, Crowley would have passed the test.
[9] Nordfelt resigned his membership in FOP on October 3, 1991.