61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 APPLIED TECHNOLOGY, INC., a Utah corporation, Plaintiff-Appellant,
v.
U.S. JVC CORPORATION, a New York corporation, Defendant-Appellee.
 No. 94-4148.
 United States Court of Appeals, Tenth Circuit.
 July 24, 1995.
 
 ORDER AND JUDGMENT[1]
 Before EBEL and McKAY, Circuit Judges, and COOK,[2] Senior District Judge.
 McKAY, Circuit Judge.
 
 
 1
 Applied Technology ("ATI"), an electronic systems designer and distributor, appeals the adverse entry of summary judgment in its breach-of-contract action against JVC, a large manufacturer and distributor of sophisticated audio-visual and other electronic equipment. In the proceedings before the district court, ATI alleged that JVC had wrongfully terminated an oral dealership agreement entered into by the two corporations in 1991. The district court, while recognizing the existence of an oral contract between ATI and JVC, concluded that JVC had established (in accordance with the standards of summary judgment) its authority under the contract to terminate the dealership relationship "at will." The district court reasoned that this conclusion precluded ATI from prevailing in its contract action, and granted summary judgment to JVC.
 
 
 2
 We review the grant of summary judgment de novo, using the same standard as did the district court. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 3
 If the nonmoving party bears the burden at trial, the moving party need only point to those portions of the record which demonstrate an absence of a genuine issue of material fact as to the nonmovant's case. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." If the nonmoving party fails in this endeavor, and the moving party is entitled to judgment as a matter of law given the operative facts, summary judgment will lie.
 
 
 4
 Devery Implement Co. v. J.I. Case Co., 944 F.2d 724, 726-27 (10th Cir.1991) (citations omitted).
 
 
 5
 JVC points to (and the district court based its determination upon) an admission made during discovery by Mr. James Romney, a director and vice-president of ATI and its co-founder and co-owner. When asked during deposition if he understood the dealership relationship with ATI to be terminable at will, Mr. Romney unequivocally stated, "Yes." Aplt.App. at 374. Mr. Romney, while professing a lack of direct knowledge of the contract negotiations, nonetheless confirmed that his understanding of the dealership terms was based upon indirect knowledge by way of his position within ATI. See Aple. Supp.App. at 109D, 110, 113. Significantly, this admission was not modified or qualified upon cross-examination, nor has Mr. Romney submitted a supplemental affidavit explaining why his statement should not be taken at face value.
 
 
 6
 We agree with the district court that ATI has failed to set forth specific facts which demonstrate, in the face of the admission, a triable question as to the nonexistence of the "at will" termination clause. By definition, no genuine issue of material fact can exist where one party has, without qualification or equivocation, admitted the validity of its opponent's position. ATI's subsequent attempts (both on appeal and before the district court) to explain Mr. Romney's statement do not enlighten so much as contradict. Such efforts to rebut the deposition testimony of one's own principal with the sworn statements of others are unavailing. See Webster v. Sill, 675 P.2d 1170, 1172-73 (Utah 1983) ("[W]hen a party takes a clear position in a deposition, that is not modified on cross-examination, [it] may not thereafter raise an issue of fact by [its] own affidavit which contradicts [the] deposition, unless [it] can provide an explanation for the discrepancy."). We therefore conclude, as did the district court, that JVC established that it could terminate the dealership relationship at will.
 
 
 7
 ATI alternatively argues that the "at will" termination clause was moderated by an implied-in-law obligation of good faith and fair dealing. This argument fails as a matter of Utah law. It is true that Utah generally recognizes an inherent contractual obligation of good faith and fair dealing. See, e.g., Brehany v. Nordstrom, Inc., 812 P.2d 49, 55 (Utah 1991). This obligation does not, however, negate a contractual right, such as a power of termination, that is expressly granted to one party. See id. Thus, the Utah Supreme Court in Seegmiller v. Western Men, Inc., 437 P.2d 892 (Utah 1968), held that a franchise agreement which did not specify a termination standard could not be terminated arbitrarily or unreasonably, see id. at 894; significantly, however, the Seegmiller court limited its holding to those contracts that did not contain a clause authorizing termination without cause. See id. We conclude, therefore, that the Utah courts would hold that the duty of good faith and fair dealing cannot obviate a contractual clause expressly granting one or both parties the power to terminate a dealership agreement without cause. See A & M Fixit, Inc. v. Schwinn Bicycle Co., 494 F.Supp. 175, 178 (D.Utah 1980).[3]
 
 
 8
 Because the contract between ATI and JVC authorized JVC to terminate the relationship at will, its exercise of this power did not breach the contract. Summary judgment was properly entered against ATI.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 [3]
 We do not think the distinction between a franchise agreement and a dealership agreement, see A & M Fixit, 494 F.Supp. at 177-78, is significant where the contract itself allows for termination at will